Citation Nr: 1641941 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 13-03 345 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a left hip disorder.

2. Entitlement to service connection for a sinus disorder.

3. Entitlement to service connection for a bilateral shoulder disorder.

4. Entitlement to service connection for a cervical spine (neck) disorder.
 
5. Entitlement to service connection for a lumbar spine (back) disorder.

6. Entitlement to service connection for right 5th toe disorder.

7. Entitlement to service connection for posttraumatic stress disorder (PTSD).

8. Entitlement to service connection for an acquired psychiatric disorder, other than PTSD, diagnosed as an adjustment disorder with anxiety and depression.



REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Edwards Andersen, Counsel


INTRODUCTION

The Veteran had active service from December 2009 to June 2010. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. A notice of disagreement was received in February 2011, a statement of the case was issued in January 2012 and a VA Form 9 was received in January 2013.

In April 2015, the Board remanded these claims for additional development. That development having been completed, the claims are now partially ready for appellate review. 

The claim for PTSD is expanded from the Veteran's original claim to include all acquired psychiatric disorders. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (finding a claimant without medical expertise cannot be expected to precisely delineate the diagnosis of his mental illness). The issues of entitlement to service connection for a psychiatric disorder, other than PTSD, and entitlement to service connection for PTSD, are addressed separately in this decision.

The issue of entitlement to a right hip disorder has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). See October 2015 VA examination. Therefore, the Board does not have jurisdiction over it, and it is REFERRED to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. In addition to the VBMS claims file, there is a Virtual VA paperless file associated with the Veteran's case. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The issue of entitlement to service connection for an acquired psychiatric disorder, other than PTSD, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The evidence of record does not demonstrate a post-service diagnosis of a left hip disorder.

2. The evidence of record does not demonstrate a post-service diagnosis of a sinus disorder.

3. The evidence of record does not demonstrate a post-service diagnosis of a bilateral shoulder disorder.

4. The evidence of record does not demonstrate a post-service diagnosis of PTSD.

5. The Veteran's cervical spine disorder is not causally or etiologically due to service.

6. The Veteran's lumbar spine disorder is not causally or etiologically due to service.

7. The Veteran's right 5th toe disorder is not causally or etiologically due to service.


CONCLUSIONS OF LAW

1. Service connection for a left hip disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

2. Service connection for a sinus disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

3. Service connection for a bilateral shoulder disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

4. Service connection for PTSD is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2015).

5. Service connection for a cervical spine disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

6. Service connection for a lumbar spine disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

7. Service connection for a right 5th toe disorder is not established. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2015). 

The notice requirements of the VCAA apply to all five elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded.

In the present case, the VCAA duty to notify was satisfied by a letter sent to the Veteran in June 2010 that fully addressed the entire notice element and was sent prior to the initial regional office decision in this matter. The letter informed her of what evidence was required to substantiate her claims and of her and the VA's respective duties for obtaining evidence. 

There is no allegation from the Veteran that she has any evidence in her possession that is needed for full and fair adjudication of these claims, and the Board finds that the notification requirements of the VCAA have been satisfied as to timing and content.

To fulfill Dingess requirements, in June 2010, the regional office provided the Veteran with notice as to what type of information and evidence was needed to establish a disability rating and the possible effective date of the benefits. The regional office successfully completed the notice requirements with respect to the issues on appeal.

As to VA's duty to assist, the Board notes that pertinent records from all relevant sources identified by the Veteran, and for which she authorized VA to request, have been obtained. 38 U.S.C.A. § 5103A. VA has associated service treatment records, and post-service records with the claims folder. Virtual VA and VBMS records were reviewed. Additionally, the Veteran was afforded VA examinations. 

In April 2015, the Board remanded these claims to afford the Veteran VA examinations and to obtain medical opinions. The Veteran was afforded VA examinations and medical opinions were obtained in August 2015 and October 2015. As such, the evidence indicates that there has been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268 (1998); see also Dyment v. West, 13 Vet. App. 141 (1999) (holding that another remand is not required under Stegall where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). 

The VA's duty to assist in the development of the claims is complete, and no further notice or assistance to the Veteran is required to fulfill the duty. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, Smith v. Principi, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

In light of the foregoing, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103 (a), § 5103A, or 38 C.F.R. § 3.159, and that the Veteran will not be prejudiced by the Board's adjudication of the claims.

II. Service Connection Claims

The Veteran seeks entitlement to service connection for a left hip disorder, a sinus disorder, a bilateral shoulder disorder, an acquired psychiatric disorder, to include PTSD, a cervical spine (neck) disorder, a lumbar spine (back) disorder, and a right 5th toe disorder.

Applicable Laws

Under the relevant laws and regulations, service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (a) (2015). 

In general, service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In some cases, lay evidence will also be competent and credible on the issues of diagnosis and etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not necessarily accorded to each piece of evidence contained in the record; not every item of evidence necessarily has the same probative value.

Furthermore, in determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of matter, the benefit of the doubt will be given to the Veteran. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102.

The Board notes that it has thoroughly reviewed the record in conjunction with this case. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence submitted by the Veteran or on her behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). Rather, the Board's analysis below will focus specifically on what the evidence shows, or fails to show, on the claims. See Timberlake v. Gober, 14 Vet. App. 122, 129 (2000) (noting that the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant).

Left Hip, Sinus Disorder, Bilateral Shoulder Disorder, and PTSD

The Veteran asserts she has a left hip disorder, sinus disorder, bilateral shoulder disorder, and PTSD, due to service.

 1. Facts

Unfortunately, there are no post-service diagnoses of a left hip disorder, sinus disorder, bilateral shoulder disorder, or PTSD. 

A VA Problem List does not indicate any diagnoses of these claimed disorders or associated symptoms. See Problem List, February 2011 VA treatment notes. Additional medical records and examinations do not indicate any diagnosis of these disorders.

The Veteran received treatment at a VA center for psychiatric symptoms. Of note, the Veteran reported anxiety and depression symptoms, and she was diagnosed with an adjustment disorder with depression and anxiety in April 2011. It was noted that the Veteran was placed on the waitlist for the PTSD counseling group because it fit with her work schedule and the group for depression did not. See July 2011 VA treatment note. The psychologist indicated that it was discussed with the Veteran that the principles were the same in the different groups, but the PTSD group focused more on anxiety than depression. It was reported that the Veteran indicated that she understood she would learn the same skills, however she would be applying them to her own depressive thoughts and feelings. Id. Importantly, the Veteran was not diagnosed with PTSD.

The Veteran was afforded a VA psychiatric examination in August 2016. The Veteran did not identify a traumatic stressor and denied PTSD symptoms of any kind. The examiner noted that the Veteran did not know how the claim for PTSD was filed. Additionally, the Veteran denied having PTSD and the examiner indicated that her psychological testing was negative.

The Veteran was afforded a VA examination in October 2015 for her claimed left hip disorder, sinus disorder, and bilateral shoulder disorder. After examination, the examiner noted that the Veteran did not have any current bilateral shoulder disorder or left hip disorder and x-rays were normal. The Veteran's sinus examination was also normal. No chronic left hip, sinus, or bilateral shoulder disorders were diagnosed.

 2. Analysis

The Board notes that the Veteran has asserted she suffers from these claimed disorders. Complaints, however, are not enough to establish service connection. There must be competent medical evidence of a current disability resulting from that condition or injury. See Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999) ("pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted."). 

The Board has considered the Veteran's arguments. The Board notes that the Veteran is competent to give evidence about what she experiences; for example, she is competent to discuss current pain and other experienced symptoms. See Layno v. Brown, 6 Vet. App. 465 (1994). Importantly, however, the Veteran has not submitted any evidence identifying the diagnoses of her claimed disorders.

Furthermore, while the Veteran is competent to report a contemporaneous medical diagnosis and is competent in describing symptoms that support a later diagnosis by a medical professional, there is no competent evidence from any health-care provider that she has post-service diagnoses of a left hip disorder, a sinus disorder, a bilateral shoulder disorder or PTSD.

The Board finds that the most probative evidence consists of the medical records. The Board notes "Congress specifically limits entitlement to a service-connected disease or injury where such cases have resulted in a disability...in the absence of a proof of present disability there can be no claim." Brammer v. Derwinski, 3 Vet. App. 223, 225. Here, there is no evidence of the claimed disorders. 

The Board finds that the claims must be denied. In sum, because post-service records do not indicate that the Veteran has current diagnoses of a left hip disorder, a sinus disorder, a bilateral shoulder disorder or PTSD, the Board finds that the evidence is against a grant of service connection for these disorders.

Cervical Spine Disorder, Lumbar Spine Disorder, and Right 5th Toe Disorder

The Veteran claims entitlement to a cervical spine disorder (claimed as neck), a lumbar spine disorder (claimed as back), and a right 5th toe disorder.

 1. Facts

Service treatment records were reviewed. The Veteran's entrance examination in July 2009 did not note any abnormalities. There are no complaints or diagnoses of cervical, lumbar, or 5th right toe disorders. The Veteran was medically separated due to ansenne bursitis of the right knee. See May 2010 examination. 

The Veteran was afforded a VA examination for her cervical spine and lumbar spine in October 2015. She reported that she was never seen for treatment during service for these disorders and she did not have any particular injuries to the neck or back during service. She stated she has some pain at base of her neck that comes and goes, "is tolerable" and does not affect her activities. The Veteran stated her lower back gets an occasional pinching feeling after repetitive bending, as well as some feelings of tightness. She indicated her lower back pain started approximately four years prior. The Veteran reported that she has not sought any treatment for either disorder. After examination, the Veteran was diagnosed with a cervical strain and a lumbar strain. The examiner opined that the Veteran's disorders were less likely than not due to service, as there was no evidence of any complaints, treatment or diagnosis of any cervical spine or lumbar spine disorders during service. 

The Veteran was afforded a VA examination for her toe in October 2015. The Veteran asserted that when she was in boot camp her feet would rub against the side of her boots and she developed a sore corn. She stated she currently has difficulty wearing shoes because the toe gets very sore. The Veteran reported that she uses a medicated bandaid that only helps for a few days. She asserted that at times, it causes a limp. The Veteran indicated that she has not sought any treatment. After examination, the Veteran was diagnosed with a corn on her right 5th toe. The examiner opined that the Veteran's corn was less likely than not incurred in or caused by service because there was no evidence of any complaints, treatment or diagnosis of any foot disorders during service. 

 2. Analysis

Initially, the Board notes that the Veteran has current diagnoses of a cervical strain, a lumbar strain and a corn on the 5th right toe. See October 2015 VA examinations. 

Unfortunately, the Board finds that element (3) under Shedden, nexus, has not been satisfied. The October 2015 VA examiner opined that it is less likely than not that the Veteran's cervical spine, lumbar spine and right 5th toe disorders were due to service. The Veteran did not identify any injuries to the cervical or lumbar spine during service. See October 2015 VA examinations. In fact, she asserted that her back pain began in approximately 2011, which is subsequent to her discharge from service. Additionally, while she indicated that she had a sore foot during service, there is no medical evidence that she developed a corn during her time in service. She did not seek any in-service treatment for her foot. The Board finds the October 2015 VA examiners' opinions to be highly probative. The opinions were based on a review of the record, consideration of the Veteran's own statements as to her symptoms and history, and the results of physical examination and diagnostic studies. There are no medical opinions to the contrary, of record.

The Board has considered the Veteran's own statements regarding the nature and etiology of her disorders. The Board acknowledges that the Veteran is competent to give evidence about what she experiences; for example, she is competent to discuss pain and other symptoms. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). The Board observes that lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). See also Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology). 

In the present case, however, the Board finds that the Veteran's lay statements are outweighed by the service treatment records, post-service treatment records, and the negative VA medical opinions cited above. Further, the Veteran is not competent to diagnose any medical disorder or render an opinion as to the cause or etiology of any current disorder because she does not have the requisite medical knowledge or training. See Rucker v. Brown, 10 Vet. App. 67, 74 (1997) (stating that competency must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence). Accordingly, though the Veteran is competent to report her symptoms, she is not credible to provide an opinion as to nature and etiology.

There is no probative evidence of record that establishes the Veteran's cervical spine, lumbar spine, or right 5th toe disorders are the result of active duty service. As noted above, there is no evidence that the Veteran's disorders are linked to her period of active duty. 

In summary, although the Veteran has current diagnoses of a cervical spine strain, a lumbar spine strain and a corn on the right 5th toe, the weight of the evidence reflects that the Veteran did not develop these disorders until after discharge from service. There were no documented symptoms or diagnosis of these disorders during service. Furthermore, VA examiners have opined that the Veteran's disorders are less likely than not due to service.

For these reasons, the Board finds that a preponderance of the evidence is against the claims for service connection for a cervical spine disorder, a lumbar spine disorder, and a right 5th toe disorder. See 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.317 (2015).


ORDER

Entitlement to service connection for a left hip disorder is denied.

Entitlement to service connection for a sinus disorder is denied.

Entitlement to service connection for a bilateral shoulder disorder is denied.

Entitlement to service connection for PTSD is denied.

Entitlement to service connection for a cervical spine (neck) disorder is denied.

Entitlement to service connection for a lumbar spine (back) disorder is denied.

Entitlement to service connection for a right 5th toe disorder is denied.


REMAND

The Veteran seeks entitlement to service connection for an acquired psychiatric disorder, other than PTSD. 

Unfortunately, a remand is required. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that she is afforded every possible consideration. 

The Board notes that the Veteran was diagnosed with an adjustment disorder with depression and anxiety in April 2011. At the time, the Veteran reported being depressed since she was medically discharged from service. Importantly, the requirement of a current disability is met when there is a valid diagnosis at any time during the period on appeal. See McLain v. Nicholson, 21 Vet. App. 319, 321 (2007). Therefore, the Board finds a remand is necessary to obtain a medical opinion regarding whether the Veteran's diagnosed adjustment disorder with depression and anxiety is causally or etiologically due to service.

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file all updated treatment records.

2. Obtain an addendum opinion for the Veteran's diagnosed adjustment disorder with anxiety and depression. 

If deemed necessary by the examiner, afford the Veteran a VA examination. All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail. 

The claims file must be made available and reviewed by the examiner. The examination report should note that the claims file was reviewed.

The examiner is requested to review all pertinent records associated with the claims file and offer comments and an opinion addressing whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that the Veteran's diagnosed adjustment disorder with anxiety and depression (diagnosed in April 2011) is causally or etiologically due to service.

The examiner must review the VA treatment notes diagnosing and treating the Veteran's adjustment disorder with anxiety and depression in 2011. 

If it is not possible to provide the requested opinion without resort to speculation, the examiner should state why speculation would be required in this case (e.g., if the requested determination is beyond the scope of current medical knowledge, actual causation cannot be selected from multiple potential causes, etc.). 

If there are insufficient facts or data within the claims file, the examiner should identify the relevant testing, specialist's opinion or other information needed to provide the requested opinion. 

All opinions must be supported by a clear rationale, and a discussion of the facts and medical principles involved is required.

3. After all of the above actions have been completed, readjudicate the Veteran's claim. 

If the claim remains denied, issue to the Veteran a supplemental statement of the case, and afford the appropriate period of time within which to respond thereto. 

4. Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs